E. S. McDOUGAL v. PEOPLES SAVINGS BANK OF MERIDIAN et al.

**Bill in Chancery — Should Not be Dismissed, When.**

A bill in chancery which shows a case entitling complainant to relief, and the answer of the defendant is not responsive to the allegations of the bill and not supported by evidence, it is error to dismiss the bill.[1]

**Separate Estate of a Married Woman — Burden of Proof.**

The separate estate of a married woman cannot be bound for the debt of her husband and she cannot execute a valid promissory note except in course of business or trade and, if she gives a joint promissory note with her husband and a deed of trust on her property to secure it, the burden of proof is on the purchaser of the property under the trust deed to show that the debt constituted a valid claim against her separate estate in order to hold the *corpus* of the estate, when she files a bill to redeem against him.[2]

Mrs. E. S. McDougal filed her bill in the Chancery Court of Lauderdale county against the Peoples Savings Bank of Meridian and Joel P. Walker, in which she avers that she is a married woman, owning certain property in Meridian, and had con-

---

[1] Where facts in avoidance, and not in response to the bill, are set up in the answer, they must be proven; the answer is evidence only when it is responsive to the bill. Brooks v. Gillis, 12 S. & M. 438; Miller v. Lamar, 43 Miss. 383.

Thus, if the bill charge that the defendant executed a bond, and the answer set up payment, that allegation must be proven. Nichols v. Daniels, Walk. 224.

So if the bill seeking recission of a contract charge, as the ground of relief, want of title in the vendor, and the fraudulent concealment thereof, the answer of the vendor that he had procured the title before he sold, but had lost the memoranda of his purchase, and had neglected to take a conveyance, is not responsive to the bill, and is no evidence. Liddell v. Sims, 9 S. & M. 596.

In an answer which admits the allegations of the bill, averments as to affirmative matters not responsive, but by way of avoidance, are not evidence. Hence, where distributees of the estate of a wife allege that defendant, her husband, appropriated the personal estate of the wife, and has not accounted therefor, if he admits this, an averment in the answer that his wife gave him her estate, not being responsive, is not evidence. Dyer v. Williams, 62 Miss. 302; Parmele v. McGinty, 2 Miss. 483; Park v. Bamberger, 52 Miss. 565; Rodd v. Durbridge, 53 Miss. 694.

Under Code, section 533, providing that all matters of fact averred in the bill and not denied by the answer otherwise than by the general traverse

veyed it, by trust deed, with power of sale, to J. P. Walker, trustee, to secure a certain promissory note for $445, payable to the Peoples Savings Bank, the consideration of which was money loaned by said bank to her husband; that the trustee had, without her knowledge, sold the entire estate under the trust deed for $250 to the bank, making it an absolute deed in fee-simple to the property, and delivered possession; that the rents received by the bank

may be taken as admitted, an answer stating that defendant does not know whether or not a deed alleged in the bill to have been destroyed, was or was not destroyed, is not a denial upon information and belief, so as to require proof. Hopper v. Overstreet, 30 So. 637.

2

"Every species and description of property, whether consisting of real or personal estate, and all money, rights and credits which may be owned by or belong to any single woman, shall continue to be the separate property of such woman, as fully after her marriage as it was before; and all such property or rights, of whatever name or kind, which shall accrue to any married woman by will, descent, distribution, deed of conveyance, recovery or otherwise, * including the fruits of her personal service, and the fruits of suits for damages to her person,* shall be owned, used and enjoyed by such married woman, as her own separate property. And such property, whether owned by her before marriage, or which may have accrued to her afterwards, shall not be subject or liable to be taken in satisfaction of the debts of her husband; nor shall such property, or any part thereof, be sold, conveyed, mortgaged, transferred, or in any manner encumbered by the husband, unless the wife shall join in the conveyance thereof, and acknowledge such conveyance, in the manner directed by law, for the acknowledgement of conveyances of real estate by married women; provided, that any deed from the husband to the wife, for her use, shall be void as against his creditors, who were such at the time of executing the deed; and no conveyance or encumbrance for the separate debts of her husband shall be binding on the wife, beyond the amount of her income." Code 1871, § 1778. Code 1857 is the same except the clause within the stars is omitted.

"The common law, as to the disabilities of married women, and its effect on the rights of property of the wife, is totally abrogated, and marriage shall not be held to impose any disability or incapacity on a woman, as to the ownership, acquisition or disposition of property of any sort, or as to her capacity to make contracts, and do all acts in reference to property which she could lawfully do if she were not married; but every woman now married, or hereafter to be married, shall have the same capacity to acquire, hold, manage, control, use, enjoy, and dispose of all property, real and personal, in possession or expectancy, and to make any contract in reference to it, and to bind herself personally, and to sue and be sued, with all the rights and liabilities incident thereto, as if she were not married. Code of 1880, § 1167,

have paid the note, otherwise offering to redeem. She made the deed to her property, the trust deed executed jointly by herself and her husband, conveying the property to Walker to secure the note, and the deed from the trustee to the bank, exhibits to her bill.

The bank answered on information and belief, admitting the several deeds exhibited with the bill, and that it was the purchaser at the sale under the deed of trust; denying, on information and belief, that the note was the separate debt of the hus-

Under article 23, p. 335, Code 1857 (Code 1871, § 1778), a deed by husband and wife of her separate estate, in satisfaction of his debt, is valid only as to the income of the property conveyed. Article 4, p. 307, Code 1857, provides that husband and wife may by their deed, duly acknowledged, convey real estate of the wife, but this does not apply where the conveyance is in payment of, or to secure his individual debt. Erwin v. Hill, 47 Miss. 675; Dibrell v. Carlisle, 48 Miss. 691; Klein v. McNamara, 54 Miss. 90; O'Hara v. Alexander, 56 Miss. 316.

While the note of the husband and wife given for money loaned the wife is not binding on her, it is, nevertheless, good as against him, and a deed of trust given on the wife's property to secure it, binds the income thereof. Viser v. Scruggs, 49 Miss. 705; Hand v. Winn, 52 Miss. 784.

Parol evidence is admissible in all cases to show that the conveyance is but a security for the husband's debt. Klein v. McNamara, 54 Miss. 90.

Although a mortgage of her land by a married woman and her husband, prior to the Code of 1880, was for borrowed money, to be used, and which was used, by her in purchase of other land, it cannot be enforced except as to the income during her life, and this, regardless of what the parties to it intended. Sevier v. Minnis, 71 Miss. 473.

· A mortgage by the wife on her separate estate to secure the debt of her husband, which, under section 1778, Code 1871, binds only her income, becomes inoperative upon the death of the wife. Reed v. Coleman, 51 Miss. 835; Sledge v. Obenchain, 58 Miss. 670.

Though the married woman in such case cannot, by mortgage, bind the corpus of her estate to secure her husband's debt, she may secure so much of the debt as was before the execution of the mortgage a lien on the property. Nelson v. Miller, 52 Miss. 410; Sledge v. Obenchain, 58 Miss. 670.

Although, prior to the Code of 1880, a mortgage of land by a married woman to secure her husband's debt bound only the income, such liability is a sufficient consideration to support a new mortgage, executed after removal of her disabilities by the adoption of said Code, in satisfaction of the old one and in renewal and extension of the debt. Rozelle v. Dickerson, 63 Miss. 538.

A married woman who, under the Code of 1871, gave, with her husband, a trust deed on a lot owned by her, to secure several debts, one of which was binding on her, cannot, several years after the trust deed is fully executed by a sale and purchase thereunder by the creditor without objection on her

band, averring that the original consideration of the note was $394.10 and interest thereon, loaned by the bank to complainant, and used in paying off valid incumbrances on her estate. The trustee answered substantially the same, denying that it was the debt of the husband, which was secured by the deed of trust, but it was given to secure money loaned by the bank to complainant some time before the deed of trust was executed.

The cause was set down for hearing on bill, answers, and exhibits under an agreement that the exhibits had been proved.

From a decree dismissing her bill complainant appeals.

part, and when the property has greatly increased in value, maintain a bill to cancel and redeem, there being no unfairness, fraud, or inequitable advantage in the sale. (Chandler *v.* Morgan, 60 Miss. 471, the case of an unexecuted contract, distinguished.) McDougal *v.* Bank, 62 Miss. 663; Walker *v.* Ross, 65 Miss. 523; 5 So. 107.

Where a married woman, with her husband, conveys land by deed absolute on its face, though for the debt of her husband, and her grantee conveys to a third person, who buys for value and without notice, though in satisfaction of an antecedent debt, she cannot, as against such person, maintain a bill to have her conveyance treated as a mortgage binding only the income of the property and to establish her right of redemption. O'Hara *v.* Alexander, 56 Miss. 316; Kennedy *v.* Price, 57 Miss. 771.

Where a mortgage is given by the husband and wife on the property of the latter, the Chancery Court is the appropriate tribunal to ascertain what part of the debt is chargeable on the *corpus* of her estate, and what part, if any, binds only the income. Dibrell *v.* Carlisle, 48 Miss. 691.

Whether such conveyance be by absolute deed or by way of mortgage, the creditor must resort to a court of equity for relief. Hand *v.* Winn, 52 Miss. 784.

While a mortgage by the wife will bind the income of her estate, if her husband borrowed and used the money secured, a bill to foreclose the same must show that it is the husband's debt; if both the pleadings and proof show that it is the wife's debt, a decree subjecting even the income is erroneous. Harmon *v.* Magee, 57 Miss. 410.

Where a married woman executes a trust deed on her property to secure the separate debt of her husband, it is error to decree the cancellation of the deed. The property should be placed in the hands of a receiver, in order to subject the income to the payment of the debt. Hand *v.* Winn, 52 Miss. 784.

If the trustee, in a debt of trust by a married woman on her separate estate, to secure her husband's debt, sells to the beneficiary, the latter can recover possession by ejectment, but he is entitled only to the income until payment of the debt, or the death of the grantor, and she may maintain a bill to redeem or for an accounting. Stephenson *v.* Miller, 57 Miss. 48.

Appealed from Chancery Court, Lauderdale county, George Wood, Chancellor.

Reversed and remanded for evidence to be taken, April 23, 1883.

*Attorneys for appellant, Whitfield & Young.*

*Attorney for appellee, John W. Fewell.*

Brief of Whitfield & Young:

The plaintiff is entitled to relief, because she made, by her bill and exhibits, a *prima facie* case for relief, to overcome which the defendants have introduced no evidence whatever.

She exhibited the deed of trust, showing on its face that it was the deed of a married woman to secure a note signed by herself and husband. The bank admits that it holds possession under that deed, and that the note was for borrowed money.

The presumptions of law arising on these facts are:

1. That as to the married woman the note is void.

2. That the note was the debt of the husband only; and

3. That the mortgage conveyed the income only to the extent necessary to pay the note. Foxworth *v.* McGee, 44 Miss. 434; Foxworth *v.* Bullock, 44 Miss. 463; Scruggs *v.* Viser, 49 Miss. 705; Nelson *v.* Miller, 52 Miss. 412.

"Her coverture, *prima facie,* makes void her contract; therefore it must appear that in the particular case liability is disclosed," is the language in Travis *v.* Willis, 55 Miss. 564.

So unqualified is this rule of presumption that it applies to judgments—the most solemn and unimpeachable of all contracts. Cary *v.* Dixon, 51 Miss. 593; Griffin *v.* Ragan, 52 Miss. 78; McGruder *v.* Buck, 56 Miss. 314; Travis *v.* Willis, 55 Miss. 557.

Recognizing this presumption of law from the admitted facts in the plaintiff's case, the defendants set out, in their answers, certain allegations of new affirmative matter, not responsive to the bill, by reason of which, they say, the obligation of the debt was imposed upon the plaintiff. They, in substance, admit the material allegation of the bill, and seek to avoid the judgment of the law thereon by averring that the bank became afterwards the subrogated owner of certain other and lawful obligations of the

plaintiff, as security for which the deed of trust should be upheld and the sale thereunder sustained. They did not, however, at the hearing of the cause, offer any testimony whatever to sustain these allegations in their answers, but rested their case upon the answers alone.

The burden of proving this new matter affirmed in the answer is upon the defendants, according to the uniform and well-established rule, both at law and in equity. The rule has been stated as follows: "The obligation of proving any fact lies upon the party who substantially asserts the affirmative of the issue." 1 Gr'l'ff. Evid. § 77.

"The point in issue is to be proved by the party who asserts the affirmative. * * * Regard is to be had in this matter to the substance of the issue, rather than to the form of it. * * * In all cases where the presumption of law is in favor of a party, it will be incumbent on the other party to disprove it, though, in so doing, he may have to prove a negative." 2 Dan'l. Ch. Pl. & Pr., 847-8.

"Where the answer sets up affirmative allegations in avoidance of plaintiff's demand, the defendant is bound to establish the allegations so made in defendant's testimony." 2 Daniel, ch. 841; note citing immense number of cases.

The rule has had numerous applications to cases of fraudulent conveyance. In a case where a bill was filed to subject land of the wife, alleging that it was paid for with a note belonging to the husband, and the wife answered, denying that the note belonged to her husband, and alleging that the note had been previously assigned to her by her husband for a valuable consideration, the Supreme Court of the United States, holding that the burden of proof was on the defendant, stated the rule to be as follows: "It is an established rule of evidence in equity that, where an answer which is put in issue admits a fact, and insists upon a distinct fact by way of avoidance, the fact admitted is established, but the fact insisted upon must be proved." Clements v. Moore, 6 Wall, 315.

In another case before the same august court, a creditor's bill attacked a conveyance to the wife, charging that it was paid for with the husband's money. The wife's answer denied that her husband purchased the property, or paid for the same, or owned, or advanced any money to pay for the same; and averred, on the

contrary, that she, in her own right, and in her own name, and for her sole and separate property, purchased the lot and took the deed in her own name, and paid purchase money, all out of her own means and money, procured and earned wholly by herself, and not from her husband, or through him or his exertions; that, in respect to one of the lots, she purchased the same in her own name and right; that she borrowed the money from an insurance company, and that the whole transaction was hers. She rested her case upon her answer. The court said:

"The rule (that an answer that is responsive must prevail, etc.) does not extend to averments in the answer not directly responsive to the allegations of the bill, for the complainant has not called for them. * * * In the case before us, the defendant's answer denies that her husband purchased the lot, or paid for the same, or owned or advanced any money to pay for the same; so far it is responsive to the bill; but the answer furnishes no evidence that the wife had property, means, or money of her own with which to pay the purchase money. * * * There is, and there should be, a presumption against her, which she should overcome by proof. * * * She avers that she paid it with money and means earned and procured wholly by herself; of this there is no proof, and no attempt to adduce proof." Seitz v. Mitchell, 4 Otto, 580.

The rule has been repeatedly affirmed in this State. Miller v. Lamar, 43 Miss. 391; Osborne v. Camp, 57 Miss. 626; Dease v. Moody, 31 Miss. 623; Brooks v. Gillis, 12 S. & M. 538; Fulton v. Woodman, 54 Miss.

Dease v. Moody, supra, will be found strikingly analogous to the case at bar.

An unnecessary averment will not change the burden of proof of the issue from the defendant to the plaintiff. Fox v. Hilliard, 35 Miss. 160.

In a case before this court, the plaintiff sued on a bond conditioned to be void on payment of two notes, without stating their amount. The declaration averred that the two notes were for $5,000, and had not been paid. The defendant pleaded that he had paid them. The only evidence offered was the bond. This court held that the onus probando was on the defendant, saying "that the general rule undoubtedly is, that he who asserts the affirmative must prove it; and that, if the defendant confuses and

avoids the count, he admits the facts stated in the count." Winn
v. Skipwith, 14 S. & M. 14.

The precise question—namely, the burden of proof in an issue
upon the validity of a married woman's contract—has been before
this court repeatedly, and in every instance the court has said
that the party affirming the validity, or denying *its invalidity,*
must aver and prove facts to overthrow the ever-present presump·
tion of the law that it is void.

In Ragan v. Decky, 51 Miss. 80, this court said: "It is in all
cases incumbent on a creditor asserting a legal demand against
a married woman to show the special circumstances out of which
it arises."

In Nelson v. Miller, 52 Miss. 412, this court said: "A com-
plainant does not entitle himself to a decree to subject the wife's
estate by exhibiting a promissory note signed by her and her hus-
band, as against her, that unassailed entitles the complainant to
subject her income; but to warrant a decree for the sale of the
estate, it must appear satisfactorily in the cause that the trans·
action constituted a legal liability of the wife's separate ·prop·
erty."

In Netterville v. Barker, 52 Miss. 170, this court said: "The
statute does not authorize a married woman to borrow money;
nevertheless, if she uses the money to pay legal debts, which were
legal obligations, her property is liable to·the lender.   *   *   *
But the lender must show that the money was expended for such
purposes."

In Viser v. Scruggs, 49 Miss. 705, the facts of the case and the
attitude of the parties were almost precisely the same as in this
case.  The married woman, Mrs. Scruggs, as complainant, ex-
hibited in a Court of Equity her deed in trust, executed to secure
a note signed by·herself and husband, for money loaned, to be
used in purchasing family supplies, and asked that it be declared
void.  This court said: "A married woman could not make a
contract for borrowed money; yet, if the lender can show that it
was actually applied to the payment of a debt, for which her sepa-
rate estate was already bound, then the lender may recover.  Viser,
the defendant, has wholly failed to show such use of the money.
It follows, then, unless Mrs. Scruggs is responsible in some other
view of the case, the decree of the Chancery Court was right."
The court then proceeds to hold just what the plaintiff here ad-

mits—that the note bound the husband and the income of the wife. Without further multiplying cases, it may be·safely asserted that in each and every of the numerous cases involving married women's contracts in this court, it was declared or assumed that the burden of proof was upon the party affirming their validity. * * *

Our second proposition is that, if·the answers be admitted as fully proven, the plaintiff is, nevertheless,· entitled to a decree, such as she prays, because it appears by the answer that the debts to which the loan was applied were not valid incumbrances on the plaintiff's separate estate. The actual amount of money advanced was $394.10. It is not pretended that $117.58 of this money was ever used to discharge any debt of the plaintiff, or incumbrance of her estate. The answers aver that $32.25 was paid to Ragsdale—on what account, they know not—but as to the dis· position of the remaining $85.52, they are utterly silent, save to confess their ignorance. The answers do aver, however, that $164.33 was used to pay rents in arrears from the plaintiff to one Ragsdale for the leasehold of the lot in controversy, and $112 was used to pay off a note given by the plaintiff in compromising a lawsuit. These debts were not such as a married woman can contract. It has been decided that a married woman cannot make a valid contract for the payment of rent, or any contract solvable *in future,* under the power conferred upon her by the laws of Mississippi at the time of this transaction. McGruder *v.* Buck, 56 Miss. 314.

Upon first impression, it would seem that a married woman, sueing for a leasehold estate, would be estopped to deny the liability of that estate for the rents; and this, no doubt, was the argument in view to the defendant bank when admitting in its answer that the exhibit "A" to plaintiff's bill is the instrument under which the plaintiff's estate was created. It charged that it "was stipulated in said indenture that, on failure to pay said ground rent, the conveyance should be voidable, and that said Ragsdale might re-enter and repossess himself of said premises." By referring to the indenture, it will be seen that the defendant has wholly misapprehended the words and effect of the stipulation, which, ·after binding the lessee to build a two-story brick house to cost not less than $4,000, etc., proceeds in words as follows: "If the party of the second part, or his representatives,

fail to make the improvements as herein stipulated, and within the time specified, such failure shall, if the party of the first part so elect, be a forfeiture of all rights, * * * and this lease shall be invalid and of no effect; and this indenture further witnesses that, upon the failure of the party of the second part, his heirs, etc., to pay rent or taxes herein covenanted to be paid, the party of the first part, his, etc., may enter upon said land, and the improvements thereon, and relet the same for the payment of said rent and taxes."

It will be here seen that the lessor has not provided for collecting rent in arrears by a forfeiture or sale of the estate, but by a reservation of the rents until the arrears are paid. To this extent Mrs. McDougal had power, conferred on her by the deed investing her with the estate; the grantor, knowing the general legal incapacity of the grantee, provided a remedy for his own security, which he could enforce against the income of the estate, by a species of tenancy by *Elegit,* or Welsh mortgage. This liability of her income she could no more contract to convert into a liability of the *corpus* of the estate, than she can agree to make her husband's debt a charge upon the *corpus* instead of the income of her estate. Shacklett *v.* Polk, 51 Miss. 379; Musson *v.* Trigg, 51 Miss. 172; Morgan *v.* Elam, 4 Yerger, 375.

As to the note given, payable at a future day, in compromise of a law suit, it may constitute *prima facie* an obligation against the husband, and, as such, be secured by a deed of trust upon the income, but, as against plaintiff, it was void, and not even capable of raising a presumption of liability. If we go behind the note and concede that a married woman can make a compromise, in which she binds herself for the payment of a sum of money *in future,* the burden was upon the defendants to set out the compromise in such a way as to enable the court to determine whether or not it imposed any liability upon her or her estate. The liability of the married woman must rest upon an actual, meritorious consideration, to be proven by the person asserting it, and not to be presumed from the fact that she has acknowledged it by attempting to give her note for it. Even as a *femme sole,* she would not be estopped from showing that the compromise was no consideration for the note. Gunning *v.* Royal, 59 Miss. 45; I Waits Act. & Def., 96-7.

The defendants only claim that a part of the consideration of

the note specified in the deed of trust was a valid charge upon the *corpus* of the estate, the balance binding the income only; but they claim that this valid part is sufficient to sustain the sale and give the purchaser a good title. However this might be in the case of a stranger, without notice, purchasing at a sale under the deed of trust, free from suspicious features, the claim is not good in this case, where the deed, upon its face, purported, in legal effect, to convey a different estate from that offered for sale; where the purchaser is the creditor, and a party to the deed, advancing no new or further consideration; where the sale is made at his request, and where he knew that a part of the debt, at least, for the satisfaction of which the sale was made, constituted no valid charge upon the estate offered for sale. In such case, the purchaser can become no more than the assignee of the mortgage; and where he is the creditor, parting with no further consideration, the situation is wholly unchanged. By his knowledge and participation, he is estopped to claim that the mortgagor is bound by any defect or irregularities in the sale.

If the circumstances existing at the time were such as would have entitled the plaintiff to relief on a bill to enjoin the sale, it was irregular and voidable, and she is entitled to the same relief now.

Certainly no one will contend that Mrs. McDougal could not have enjoined, by a proper bill, the trustee from selling the *corpus* of her estate for that part of the debt which was a charge upon the income only.

In McDibbel *v.* Carlyle, 48 Miss. 691, a married woman had mortgaged her estate for a debt, which was partly the debt of her husband. The trustee, being about to sell the *corpus* of the estate, was enjoined, but the court below afterwards dissolved the injunction; on appeal, this court held that it was error to dissolve the injunction, because the *corpus* of the estate being bound for one part, and the income only for the other part, the two should have been separated, and a Court of Equity was the proper place to do this.

In Scruggs *v.* Viser (49 Miss. 705), and other cases, similar injunctions have been granted and sustained. In Hand *v.* Winn, 52 Miss. 784, Mrs. Winn prayed a perpetual injunction of the sale of her property, about to be made by a trustee, under a deed similar to the one at bar. This court said: "We think it was

entirely proper to have restrained the sale, because the conveyance
did not have a larger effect than to encumber the income;  *  *  *
the decree ought to have restrained the trustee from selling, but
without prejudice to the rights of appellants, by appropriate suit,
to subject the income of the mortgaged property to his debt." In
this case also, this court, speaking of a point made by counsel
that the incumbrance was a deed of trust instead of a mortgage,
says: "It makes no difference.  *  *  *  It may be in either
case the *cestui que trust* must work out the benefit of his security
in a Court of Equity."

In Dibbrel v. Carlyle (*supra*), this court said: "The most
appropriate remedy will be found in a Court of Equity, where
an account can be taken of what part of the note secured by the
deed of trust was for supplies for the plantation, and what part
was advanced for the purchase of supplies, and was so *actually*
applied, and what part was used by the husband for his own pur-
poses." See also Ogden v. Guice, 56 Miss. 332; Choppin v. Har-
man, 46 Miss. 308.

In Stephenson v. Miller, 57 Miss. 48, there was a sale by the
trustee of the land of a wife, under a deed of trust, to secure the
note of her husband, at which the creditor purchased; a bill was
filed by the wife to enjoin a writ of possession issued on a judg-
ment in ejectment in favor of the purchaser. It was held that
the purchaser was only a mortgagee and entitled only to the enjoy-
ment of the income, and accountable as such, and that the wife
had the right to redeem at any time. The court further said:
"In this case the sale had no other legal effect than to transfer the
legal title, he (the purchaser) still remaining, in the eyes of a
Court of Equity, as the mere mortgagee of the income."

The powers conferred on a trustee by the existence of facts
*in pais,* which vary or contradict the deed under which he acts,
cannot be of greater force or dignity than the powers of a court
of general jurisdiction, yet it is well settled that a judgment or
decree of a court, which does not disclose the exceptional circum-
stances making the estate of a married woman liable, is utterly
void, and a sale thereunder is utterly void. Duncan v. Robinson,
57 Miss. 821; McGruder v. Buck, 56 Miss. 314.

In Caldwell v. Hart, 57 Miss. 123, this court held that no
decree could be made against a married woman for goods sold,

some for plantation supplies and some for household supplies, unless they are distinguished from each other.

The Code of 1873, art. 1783, provides that in a suit against husband and wife no judgment shall be rendered against her, unless the liability of her separate estate be first established. Can a trustee, under a deed which discloses no liability, assume a state of facts to exist upon which to enter judgment, award execution and make final the sale in a court of his own?

The effect of the deed made at the sale by the trustee to the bank places the latter in perhaps the same, certainly no better, attitude than the grantee of a deed absolute on its face, but, in fact, intended for a mortgage. This court has repeatedly held that such conveyance will be set aside and held to be conveyance of the income only when made by a wife to secure the debt of her husband.

The powers conferred by the contract of a married woman are not superior to the powers of sale conferred by law, yet if a tax-collector sell land for a tax which is partly legal and partly illegal, the sale is void at common law. Blackwell Tax Titles.

For making this sale of the *corpus* under a deed of trust which, upon the faces of it, conveyed the income only, there is not even the apology that otherwise the bank would be compelled to resort to the courts, with necessary delays and expense. Admitting the answers to be true, they disclose a fraudulent intent and endeavor of the bank to enforce against the *corpus* of the estate the claim for the $117 which remained unaccounted for after deducting the amount of the rent in arrears and the compromise debt from the note given by her husband; all the answers aver that the deed of trust to secure the Ramsey compromise note, and the right of entry to collect the rents in arrears, were not paid off, but expressly assigned to and preserved to the bank as security, and were held by the bank at the time of this sale. Without stopping to discuss the questions whether a married woman could be held liable for money which had not been actually used in extinguishing a valid incumbrance on her estate, or whether the lender, when subrogated to the valid debt discharged, was not also subrogated to and compelled to pursue the security expressly made incident to that debt, we do insist that his failure to do and his resort to a sale of the *corpus* under the deed of trust apparently conveying the income of the estate only, for the security of a

much larger and partly illegal claim, is evidence of a desire to accomplish an unconscionable advantage over the absent plaintiff and acquire the fee of her estate under circumstances that would deter competition of bidders. \* \* \*

Brief of John W. Fewell:

The allegations of the bill as against the bank are flatly contradicted by the answers. The complainant alleges an indebtedness, by loan, of the husband to the bank. The answers all deny an indebtedness of the husband, and destroy, because not overcome by proof, the entire theory of the bill.

Now, if the answers of the defendants disclosed a new theory upon which the complainant might succeed, she ought to have amended her bill and proceeded upon that theory. She cannot succeed upon a theory altogether different from that of her bill. She cannot say in her bill, "I am entitled to recover because these debts are the debts of my husband; one of them has been paid, and the other only bound the income of my property," and then take the position that the debts were of a different class—debts for which she is not bound at all.

The idea that seems to possess the minds of opposing counsel is that this court will, if possible, find some loophole of escape for married women. If their counsel have not been able to direct their clients correctly, if they have not been able to give the proper direction to their suits, seeking an avoidance of their contracts, that this court will put them in the right course, though it be an entirely new one, not hinted at in the pleadings upon which they have chosen to base their rights. See Netterville *v.* Barber, 52 Miss. 168.

I say again, the complainant cannot depart from or change the theory of her bill.

But, even if the court should consider that the complainant can, under her bill, insist that her contract was void for want of power to enter into it, I contend that the answers show affirmatively that the debts referred to were debts which complainant could contract. One of them was a debt due for improvements of the very property in controversy, viz: the debt to Green H. Ball. Ball had a mechanic's lien. The statute gives power to the wife to contract for improvements of her separate estate. A part of this debt is traced to the note given by her to B. Y. Ramsey to

secure part of the amount agreed upon in compromise of his litigation with her, and its validity is certainly strengthened by consideration of the fact that it was given in a compromise, by which she saved her property. The debt to Ragsdale is one which she could not repudiate; one which was necessary to be paid in order that she might hold the very property in controversy; one upon payment of which her right to hold the property depended as a condition. By the transfer to Durham, he was entitled to all the liens. By the subsequent contract, the bank became entitled to all the liens which Durham held; and by the purchase from Ragsdale of the reversion, if that be considered as proved (which does not seem to be the case, however), the bank becomes the complainant's landlord. This is not material, however.

Under the decision in Salmon *v.* Smith, 58 Miss. 399, the answers of Durham and Walker are evidence for the defendant bank. These answers first deny the material allegation upon which the suit is based, and then, explaining the whole transaction—that is to say, in response to the bill—all the facts are stated fully. This is evidence for the defendant.

I submit that it would be rather a strange rule that, whilst the complainant would be permitted to depart from the theory of her bill and put her right to recover upon a state of facts appearing and first disclosed by the answers, yet that these answers should not be taken as true as to matters that go to defeat the right of complainant to recover. If the facts stated in the answer be considered of an affirmative nature, thus placing the burden of proof on the defendants, then I insist that the several answers are to be considered as evidence for the allegations of each other. * * *

If the defendants had contented themselves with a simple denial of the allegations that the debts were the debts of the complainant's husband, the burden of proof on these allegations would have been on complainant. Of course, she would have been confined, as to her evidence, to the allegations of her bill. She would not have been permitted to prove that the debts were hers, but that they were of a class not permitted to her to contract. Now, the answer of the defendant cannot be taken as testimony for the complainant or as an admission of her case, because the answers do not sustain or admit the allegations of the bill. Discarding the new matters set up in the answers, if the same are to be regarded in the light of new matter, the case remains at issue upon the

denial of the facts stated in the bill, as constituting the foundation of complainant's equity, and the burden of proof is on the complainant.

The court will note that it was expressly stipulated that the bank was to have all the securities that Durham had.

In my view of the case, I submit, the decree must be affirmed.

OPINION.—*Per curiam:*

The bill shows a case entitling the complainant to relief. The answers, in so far as they avoid the allegations of the bill, are not responsive to the bill, and are not supported by evidence. The court erred in rendering the decree, as given, against the complainant. Proof was required.

We will not render a decree here, but *reverse* the decree, and remand the cause for evidence to be taken.